The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, AR 72173-9335
Dear Representative Scroggin:
I am writing in response to your request for my opinion on the following questions concerning 911information:
 1. Are 911 Dispatch Systems required through the Freedom of Information Act (FOIA), to provide citizen name and address lists to requesting fire departments for the area that the fire department serves?
 2. What types of contact information does State or Federal law prohibit a 911 Dispatch System from providing to the fire department for the area served?
RESPONSE
It is my opinion that the answer to your first question is "yes," unless the particular "lists" at issue were obtained by the 911 system through automatic identification pursuant to the Arkansas Public Safety Communications Act of 1985, in which case the latter act, rather than the FOIA, provides for a fire department's access to this so-called "subscriber information." In response to your second question, I lack the resources and the authority to opine on any potentially applicable federal laws. With regard to state law, I note that the Public Safety Communications Act prohibits use of the above-referenced "subscriber information" for any purposes other than those authorized therein. If the "contact information" under your question is in fact "subscriber information," then in my opinion state law does not prohibit a 911 system from providing this information to a fire department as long as it is used for the purposes authorized by the Public Safety Communications Act.
Question 1 — Are 911 Dispatch Systems required through the Freedom ofInformation Act (FOIA), to provide citizen name and address lists torequesting fire departments for the area that the fire departmentserves?
I am assuming, for purposes of this opinion, that this question pertains to a 911 dispatch system that is wholly or partially supported by public funds or expending public funds such that it is generally subject to the FOIA. See A.C.A. § 25-19-103(5)(A) (Supp. 2003) (defining "public records"). See also generally Op. Att'y Gen. 1990-236. The FOIA establishes a general rule that public records are open to public inspection and copying. A.C.A. § 25-19-105(a) (Supp. 2003). Because the members of a fire department have the same rights under the FOIA as other citizens, the answer to your first question is "yes" if in fact the FOIA is the applicable law with respect to the "name and address lists" at issue.[1] This caveat is necessary because of the Public Safety Communications Act (A.C.A. §§ 12-10-301—324) (Repl. 2003)). Some explanation of this act will be helpful in understanding why it may be implicated by your question.
Under this act, a 911 system may be a "basic 911 system" or an "enhanced 911 system." Id. at 303(3) and (10). An enhanced system allows a 911 caller to access the appropriate 911 communication center through network features that include automatic telephone number and address identification. Id. at (10)(B). Several provisions concerning 911 caller information are particularly relevant to your question. Section 12-10-317
states in relevant part:
 (a)(1) Each [telephone] service provider shall forward to any public safety answering point[2] equipped for enhanced 911 service the telephone number and street address of any telephone used to place a 911 call.
 (2) Subscriber information provided in accordance with this subsection shall be used only for the purpose of responding to requests for emergency service from public or private safety agencies, for the investigation of false or intentionally misleading reports of incidents requiring emergency service response, or for other lawful purposes.
I have no information concerning the "citizen name and address lists" in question. You have provided no facts in this regard, and I cannot speculate as to the circumstances surrounding the creation of any such lists beyond observing that if you are referring to "subscriber information" as described above, then the restriction under A.C.A. §12-10-317 must be considered.[3] I have agreed with my predecessors that this provision establishes an exception to the FOIA. See Op. Att'y Gen. 2003-043 (citing Op. Att'y Gen. Nos. 1995-232, 1994-120, 1994-100, and 1990-236). While "subscriber information" is therefore not generally subject to public inspection and copying, it is nevertheless available for the purposes set forth in § 12-10-317, i.e., responding to emergency service requests, investigating false reports, and "other lawful purposes." In this regard, the activities and purposes of a fire department appear to fall within these authorized objects or purposes. Please note that I have enclosed a previous opinion (No. 1995-232), which discusses the basis for this conclusion.
Accordingly, if your first question in fact pertains to "subscriber information" that an enhanced 911 system has obtained under the Public Safety Communications Act, the answer is "yes" pursuant to that act, under the assumption that the fire department's access to the name and address lists is for the purpose of its activities in providing emergency services, as contemplated by A.C.A. § 12-10-317(a)(2), supra.
Question 2 — What types of contact information does State or Federal lawprohibit a 911 Dispatch System from providing to the fire department forthe area served?
As explained above with regard to name and address information that an enhanced 911 system has obtained pursuant to the Arkansas Public Safety Communications Act, it is my opinion that rather than establishing a prohibition in this respect, state law generally makes provision for a fire department's access to such information. I am unable to opine further without knowing what "contact information" is at issue. I must note additionally that the examination of federal law generally falls outside the scope of an opinion from this office. You may wish to contact the United States Attorney's office in this regard.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] This also assumes that the 911 dispatch system in fact keeps such a list, and would not be required to compile the information or create a record in response to the FOIA request. See A.C.A. §25-19-105(d)(2)(C).
[2] The "public safety answering point" comprises part of the communications center. A.C.A. § 12-10-303(13). Specifically, it is the location where 911 calls are first answered. Id. at (17).
[3] I note that "subscriber information" probably also includes other information such as the name of the subscriber, to the extent such other information actually is forwarded by a service provider to a public safety answering point pursuant to A.C.A. § 12-10-317(a)(1). Accord Op Att'y Gen. Nos. 94-120 and 94-100.